UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


| | | |
|---|---|---|
| Shelby Winning, | : | Case No. 5:07CV3688 |
| | : | |
| Plaintiff | : | Judge Kathleen O'Malley |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |


Before this Court is plaintiff's motion for an award of attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. §2412, in the sum of $3,950.00, based upon 31.6 hours of services at the rate of $125.00 per hour.[1]

The defendant opposes the application, contending that the Commissioner's litigation position was substantially justified so that such an award would be improper. See, Jankovich v. Secretary of Health & Human Services, 868 F.2d 867, 869 (6th Cir. 1989).

Having reviewed this Court's Report and Recommended Decision (R&R) of May 8, 2009 and Your Honor's Opinion and Order of September 28, 2009, adapting this Court's recommendation that the Commissioner's final decision be reversed but declining to accept this Court's recommendation that a final judgment be entered in the plaintiff's favor, instead ordering a remand

---

[1] While the defendant has opposed this application, in that opposition no question has been raised as to the reasonableness of those hours or the hourly rate. Having reviewed counsel's itemization of services this Court finds both the hours expended and the hourly rate to be reasonable.

for further proceedings, it is plan from the tenor and terms of each of those that the defendant's litigation position defending the decision of the Administrative Law Judge (ALJ), which represents the defendant's final determination, cannot be considered as substantially justified.

In this Court's R&R the following appears:

> The entire focus of the asserted claims of error is upon the plaintiff's non-exertional, i.e., mental/emotional, limitations, it being argued that the ALJ improperly substituted her judgment for that of the plaintiff's treating mental health professionals.
>
> \* \* \*
>
> This Court finds the ALJ's articulated basis for rejecting the evidence originating with the plaintiff's treating mental health professionals to be completely inadequate.
>
> With regard to Dr. Patterson the ALJ stated "Dr. Patterson's assessment appears to be based on the subjective statements of the plaintiff, who is found not to be credible." How else can a psychologist treat a patient than by the patient's subjective statements? Who is better qualified to determine the credibility of the plaintiff—a psychologist who saw the plaintiff forty-two times over a two year period, or an adjudicator who observed the plaintiff by way of teleconference, not even face-to-face, for approximately ninety minutes.
>
> The ALJ's statement that "Ms. Gaul's progress notes record little in way of observations and findings" is simply wrong. This Court has carefully reviewed those extensive progress notes and finds that not only are they replete with observations and findings, but they also reflect that Ms. Gaul and the others who interacted with the plaintiff at the Counseling Center fully supported the plaintiff in her efforts to secure an award of disability benefits.
>
> It is this Court's conclusion that not only is the ALJ's decision in this case plainly violative of the "treating physician" rule, see, Howard v. Commissioner of Social Security, 276 F.3d 235, 240 (6th Cir. 2002), it also contravenes the holding in Rogers v. Commissioner of Social Security, 486 F.3d 234, 247 (6th Cri. 2007), that an "ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility'."

In Your Honor's decision the following was stated:

> The Court finds that the ALJ failed to give due deference to the opinion of Winning's treating psychologist, Dr. Patterson, and further failed to provide sufficient justification for the weight given the medical opinions of record. This failure alone warrants reversal. Even setting aside the ALJ's violation of the treating physician rule, remand is nonetheless required because the record is devoid of any evidence supporting the ALJ's credibility assessment.
>
> \* \* \*
>
> Although the ALJ does not classify any of Winning's medical sources as "treating sources," it is undisputed between the parties that Dr. Patterson, who saw Winning forty-two (42) times between September 2004 and December 2006, is Winning's treating psychologist and Dr. Chughtai is Winning's treating psychiatrist. The ALJ's references to the opinions of Drs. Patterson and Chughtai are brief and provide no explicit indication of the weight given to either doctor's opinion regarding Winning's mental impairments. (*See* Tr. 17-18.)
>
> Dr. Chughtai is only briefly mentioned in the ALJ's decision. The ALJ notes that, although Dr. Chughtai "concluded that the claimant would have some difficulty completing tasks in a timely manner or maintaining attention when others speak . . . his findings do not suggest that the claimant would be unable to perform low stress, simple one or two-step job tasks involving no intensive interpersonal interaction." (*Id*. at 18.) This reference to Dr. Chughtai's opinion cannot constitute substantial evidence supporting the ALJ's decision. Because the ALJ's decision was unfavorable, she was required by SSR 96-2p to give specific reasons for the weight given to Dr. Chughtai's opinion. Even if the ALJ had properly addressed the weight given to Dr. Chughtai's opinion, which she does not, such an explanation would not do away with the need to address the opinion of Winning's treating psychologist, Dr. Patterson.
>
> \* \* \*
>
> The Court further notes that the ALJ rejected the opinion of Ms. Gaul, Winning's long-time mental health services case manager, on the same grounds as her rejection of Dr. Patterson's opinion- that it is based on the subjective statements of Winning "who is not found to be credible." (Tr. 17-18.) As the Magistrate Judge noted in the

3

R&R, Ms. Gaul's extensive progress notes regarding Winning's impairments are "replete with observations and findings." (Doc. 24 at 11.) While it is true that a social worker, such as Ms. Gaul, is not entitled to the same type of deference as is afforded to treating physicians, the regulations nonetheless suggest that the ALJ should have provided some explanation of the weight given to Ms. Gaul's opinion, particularly in light of the fact that Ms. Gaul's stated opinions were consistent with those of Dr. Patterson.

The Court recognizes that the record may contain evidence which otherwise supports the ALJ's decision. The Court requires, however, that the ALJ follow the procedures set forth in the SSA regulations so that the Court can ascertain whether the ALJ's decision is, in fact, supported by substantial evidence. The Court finds that the ALJ failed to explain sufficiently the weight given to each medical opinion and the reasons for giving that weight. Where, as in this case, there is "a failure to follow the procedural requirement of identifying the reasons for discounting the opinions and for explaining precisely how those reasons affected the weight accorded the opinions [this] denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Rogers*, 486 F.3d at 243.

\* \* \*

Even if the Court had not already determined that reversal and remand were required because of the ALJ's failure to comply with the treating physician rule, such a result would nonetheless be necessary in light of the ALJ's failure to evaluate properly Winning's credibility.

\* \* \*

An ALJ's "findings based on the credibility of the applicant are to be accorded great weight and deference." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997). Such findings must, however, be supported by substantial evidence. *Id*. A claimant's credibility may be discounted, "to a certain degree," where an ALJ "finds contradictions among the medical reports, claimant's testimony, and other evidence." *Id.* The ALJ is not, however, permitted to make credibility determinations based solely upon an "intangible or intuitive notion about an individual's credibility." *Rogers*, 486 F.3d at 247 (citing SSR 96-7p: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's

4

Statements). Instead, the ALJ's determination must find support in the record.

SSR 96-7p states that the ALJ's decision must contain specific reasons for the credibility determination and "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."[14] Mere "blanket assertions that the claimant is not believable will not pass muster, nor will explanations as to credibility which are not consistent with the entire record and the weight of the relevant evidence." *Rogers*, 486 F.3d at 248. A credibility assessment "*must* be based on a consideration of all of the evidence in the case record." SSR 96-7p (emphasis added).

\* \* \*

Although the ALJ is charged with making credibility determinations, an ALJ "does not have the expertise to make medical judgments." *Bowman v. Astrue*, No. 3:07CV478-J, 2008 U.S. Dist. LEXIS 73170, \*7 (W.D. Ky. Sept. 23, 2008); *see also Belden v. Heckler*, 586 F.Supp. 628, 634-35 (N.D. Ind. 1984) ("It is correct that an ALJ has the obligation to observe the plaintiff to make the necessary credibility determinations. However, the ALJ may not substitute lay observations for expert medical evidence."). ALJs are not mental health experts. Depression, anxiety, and other mental health disorders require specialized training to evaluate and diagnose. *See Wilder v. Chater*, 64 F.3d 335, 337 (7th Cir. 1995) (noting that "health professionals, in particular psychiatrists, not lawyers or judges, are the experts" on mental illness). As a result, an ALJ cannot substitute her own lay opinion of mental illness for that of a medical expert. *See Wiggins v. Apfel*, 29 F.Supp.2d 486, 492-93 (N.D. Ill. 1998) (noting that the ALJ improperly substituted his lay opinion of depression and anxiety for that of a mental health expert).

\* \* \*

The ALJ does not point to specific psychological medical evidence in the record to support her conclusion that Winning was not credible. The ALJ's conclusory statement discrediting Winning's testimony regarding her anxiety was made without relying on *any* medical evidence or authority. Indeed, it seems that the ALJ used her own opinions about what symptoms a person with anxiety should exhibit to discount Winning's testimony. In doing so, the ALJ improperly

5

substituted her own lay opinion of anxiety disorders for the opinion of the treating psychologist who diagnosed Winning with major depression, anxiety disorder, and obsessive compulsive personality disorder. In addition, while the ALJ characterized Winning's testimony as evasive, the record contains evidence, including the opinion of her treating psychologist Dr. Patterson, that would explain Winning's testimony in a manner consistent with her mental impairments. (Doc. 20 at 23-24.)[16] Because the ALJ is not a psychological expert trained to assess whether particular testimony is consistent with, and perhaps indicative of, certain mental impairments, it was inappropriate for the ALJ to substitute her lay opinion for that of Winning's treating mental health professionals.

* * *

The Court finds that the ALJ neglected to consider the record as a whole in making her credibility assessment. As a result, the ALJ's consideration of Winning's credibility does not comport with the SSA requirements. In particular, in making her credibility determinations, the ALJ failed to discuss statements from Winning's treating psychologist, Dr. Patterson, regarding Winning's symptoms and how those symptoms would affect her ability to work.

This Court considers all the foregoing to be completely irreconcilable with the notion that defense of the ALJ's decision could have been substantially justified. This being so, it follows that the plaintiff is entitled to the EAJA award she seeks, and it is recommended that the plaintiff's motion be granted.

s/DAVID S. PERELMAN
United States Magistrate Judge

DATE: January 13, 2010

**OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of

6

Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).