UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHELBY WINNING | : | Case No. 5:07-cv-03688 |
| Plaintiff, | : | |
| | : | JUDGE KATHLEEN M. O'MALLEY |
| v. | : | |
| COMMISSIONER OF SOCIAL SECURITY | : | MEMORANDUM & ORDER |
| Defendant. | : | |

Plaintiff Shelby Winning ("Winning") petitioned the Court for an award of attorney fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 31.) The Court thereafter referred the matter to Magistrate Judge David S. Perelman for preparation of a report and recommendation ("R&R"). (Doc. 32.) The Commissioner of Social Security ("Commissioner") subsequently filed his opposition to Plaintiff's motion (Doc. 33), and Winning filed a reply. (Doc. 34.) Magistrate Judge Perelman then issued a R&R, recommending that Winning's motion for attorney fees be granted. (Doc. 35.) The Commissioner filed objections to the R&R (Doc. 36), and Winning filed a response to the Commissioner's objections. (Doc. 37.) This matter is fully briefed and ripe for determination.

For the reasons discussed below, the Court **OVERRULES** the Commissioner's objections, **ADOPTS** the Report and Recommendation, and **AWARDS** attorneys fees to Plaintiff in the amount of $3,950.00.

I. **BACKGROUND**

On December 3, 2007, Winning filed a civil complaint appealing a decision from the Commissioner, which denied Winning's application for Social Security disability benefits. (Doc.

1.) Winning argued that "substantial evidence" did not support the Administrative Law Judge's ("ALJ") determination that Winning retains the residual functional capacity ("RFC") to perform a range of sedentary, unskilled work. (Doc. 20 at 21.) Winning specifically claimed that: (1) the ALJ's decision did not evaluate properly her mental impairments; and (2) the ALJ failed to consider properly the medical opinion evidence in the record. (*Id.* at 22-29.) The matter was automatically referred to Magistrate Judge Perelman on September 18, 2008 for preparation of a R&R pursuant to Local Rule 72.2. (Doc. 5.)[1]

Magistrate Judge Perelman issued his R&R on May 28, 2009, concluding that the ALJ's final determination should be reversed, and that judgment should be entered in Winning's favor. He found that Winning is entitled to an award of Disability Insurance Benefits and an award of Supplemental Security Income. (Doc. 24 at 12.) The Commissioner filed objections to the R&R on June 8, 2009. (Doc. 25.) This Court subsequently declined to adopt the R&R, reversed the ALJ's decision to deny benefits, and remanded the case for further fact finding by the ALJ. *Winning v. Comm'r of Soc. Sec.*, 661 F. Supp. 2d 807, 819 (N.D. Ohio 2009).

In evaluating the ALJ's decision to deny benefits to Winning, the Court found two separate grounds for reversing the ALJ's decision. First, the Court found that "the ALJ failed to give due deference to the opinion of Winning's treating psychologist, Dr. Patterson, and further failed to provide sufficient justification for the weight given to the medical opinions on record." *Id.* at 817-818. Second, the Court found that "the ALJ neglected to consider the records as a whole in making

---

[1] Local Rule 72.2 provides that the following cases shall be referred to a United States Magistrate Judge for a Report and Recommendation: application for post-conviction relief, petitions for review of administrative decisions (including Social Security, Black Lung and Civil Service), and certain *pro se* petitions for habeas corpus filed under 28 U.S.C. § 2254. N.D. Ohio Civ. R 72.2.

2

her credibility assessment" and that "the ALJ's consideration of Winning's credibility does not comport with the SSA requirements." *Id.* at 819. As a result, the Court concluded that substantial evidence did not support the ALJ's decision and remanded the case for further proceedings.

Upon receiving notice that the Court had reversed the ALJ's decision to deny benefits and remanded the case back to the ALJ, Winning filed a Motion for Attorney Fees pursuant to the EAJA, 28 U.S.C. § 2412. (Doc. 31.) It is this Motion that is now ripe and pending before the Court.

## II. MAGISTRATE JUDGE PERELMAN'S R&R

On May 28, 2010, Magistrate Judge Perelman issued his R&R regarding Winning's application for attorney fees pursuant to the EAJA. (Doc. 35.) In the R&R, he noted that the Court's opinion remanding the case to the ALJ is "completely irreconcilable with the notion that the defense of the ALJ's decision could have been substantially justified." (Doc. 35 at 6.) Magistrate Judge Perelman specifically highlighted the Court's finding that the ALJ failed to give due deference to the opinion of Winning's treating psychologist, Dr. Patterson, and that the ALJ did not point to specific medical evidence when she determined that Winning was not credible. Accordingly, Magistrate Judge Perelman concluded that the Commissioner's position was not substantially justified and recommended that the Court award attorney fees to Winning.

## III. THE COMMISSIONER'S OBJECTIONS TO THE R&R

The Commissioner timely filed three objections to Magistrate Judge Perelman's R&R on June 8, 2009. (Doc. 36.) First, the Commissioner contends that attorney fees should not be granted to the extent that the remand related to articulation. Second, the Commissioner argues that he reasonably relied on Winning's treating psychiatrist, Dr. Chughtai, the state agency psychologists, Drs. Rudy and Lewin, and the consulting psychologist, Dr. Dallara. Third, the Commissioner objects

3

on the basis that the ALJ has the authority to review the evidence and determine RFC without the assistance of a medical expert. (Doc. 36 at 5.)

## IV. STANDARD OF REVIEW

In cases that are referred to a magistrate judge for preparation of a R&R, the Federal Magistrates Act requires that a district court conduct a *de novo* review only of those portions of a R&R to which the parties have made an objection. 28 U.S.C. § 636(b)(1)(C). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. Pro. 72(b)(3) ("The district judgment must determine de novo any part of the magistrate judge's disposition that has been properly objection to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

Here, because the Commissioner timely filed three primary objections to the R&R, this Court reviews *de novo* only those portions to which an objection has been made. In these circumstances, *de novo* review requires "at least a review of the evidence before the magistrate judge; the Court may not act solely on the basis of a magistrate judge's report and recommendation." *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) (citing 12 Wright, Miller & Marcus, Federal Practice and Procedure § 3070.2 (2d Ed. 1997)). If the court accepts the R&R, it is not required to "state with specificity what it reviewed; it is sufficient for the Court to say that it has engaged in a *de novo* review of the record and adopts the Magistrate Judge's report and recommendation." *Id.*

## V. DISCUSSION

Contrary to the general rule that a party to a lawsuit must pay his or her own legal fees, the EAJA allows for a prevailing party to recover reasonable attorney fees. *Richlin Sec. Serv. Co. v.*

4

*Chertoff*, 128 S. Ct. 2007, 2011-12 (2008). The EAJA "requires the payment of [attorney] fees and expenses to the prevailing party in an action against the United States, unless the position of the United States was substantially justified." *Howard v. Barnhart*, 376 F.3d 551, 553 (6th Cir. 2004) (citing *Scarborough v. Principi*, 541 U.S. 401, 404 (2004)). The government bears the burden of establishing that its position was substantially justified. *Scarborough*, 541 U.S. at 414.

### A. The EAJA's Requirements for Attorney Fees.

Eligibility for an award of attorney fees under the EAJA requires that: (1) the claimant be the prevailing party; (2) the Commissioner's position was not substantially justified; and (3) no special circumstances make the award unjust. 28 U.S.C. § 2412(d)(1)(A).

According to the EAJA, a "party" is any individual whose net worth did not exceed $2,000,000 at the time the civil action was filed. 28 U.S.C. § 2412(d)(2)(B)(I). Winning alleges, and the Commissioner does not contest, that her net worth falls well-below the $2,000,000 threshold. (Doc. 31 at 1; Doc. 36 at 2.) Winning, moreover, became a "prevailing party" when this Court ordered remand pursuant to sentence four of 42 U.S.C. § 405(g). *See Shalala*, 509 U.S. at 300-302 (a social security claimant who obtains a sentence four judgment reversing denial of benefits and requiring further proceedings is a "prevailing party" for the purposes for the EAJA).[2]

The Court finds no evidence in the record which suggests that special circumstances make the award of attorney fees unjust. Resolution of the instant Motion, therefore, turns on whether the Commissioner's position was substantially justified.

---

[2] 42 U.S.C. § 405 deals specifically with evidence, procedure and certification for payments in relation to a social security benefits determination. Sentence four of subsection (g) states: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

5

### B. Because the Commissioner's Position was not Substantially Justified, an Award of Attorney Fee is Appropriate.

The definition of "substantially justified" has been discussed frequently in cases dealing with the EAJA. *See generally id.*; *Howard*, 376 F.3d 551; *Pierce v. Underwood*, 487 U.S. 552 (1988). The Commissioner's position is substantially justified when it is "justified in substance or in the main - that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565. In other words, "a position is substantially justified when it has a 'reasonable basis both in law and fact.'" *Id.* A position unsupported by substantial evidence, therefore, is not *per se* lacking substantial justification. *Howard*, 376 F.3d at 554 (citing *Pierce*, 487 U.S. at 569; *Jankovich v. Bowen*, 868 F.2d 867, 870 (6th Cir. 1989)).[3]

When the ALJ, however, has chosen to selectively consider evidence in deciding to deny social security benefits, the Sixth Circuit has held that the position of the Commissioner was "without substantial justification." *Howard*, 376 F.3d at 554 (citing *Flores v. Shalala*, 49 F.3d 562, 570 (9th Cir. 1995)).

In order for the Commissioner to prove substantial justification as it relates to a benefits determination, there must be a "reasonable basis both in law and in fact" for the position. *Howard*,

---

[3] "Substantial evidence" is a term of art in the social security benefit determination context and is the standard utilized to determine whether the Commissioner's final benefits determination was proper. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce*, 487 U.S. at 565 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). While the "substantial evidence" standard is not utilized in determining whether attorney fees are appropriate in a social security context, it can sometimes be helpful when examining whether the Commissioner's position was substantially justified. *See Jankovich*, 868 F.2d at 870. A determination that the Commissioner's final decision was or was not supported by substantial evidence, however, is not dispositive as to whether the Commissioner's position was substantially justified. *See Pierce*, 487 U.S. at 569.

6

365 F.3d at 554. As described above, the Commissioner asserts three objections to Magistrate Judge Perelman's R&R recommending that the Court grant Winning's Motion for Attorney Fees. The Court will address each objection in turn.

### 1. First Objection: Insufficient Articulation

The Commissioner's first objection pertains to whether the ALJ's lack of articulation can provide a basis for the award of attorney fees. The Commissioner contends that "EAJA fees are not appropriate when remand is premised on insufficient articulation, and substantial evidence exists to supports the ALJ's decision." (Doc. 36 at 3) (citing *Olive v. Comm'r of Soc. Sec.*, 534 F. Supp. 2d 745 (N.D. Ohio 2008)). In *Olive*, the Court found that "the agency violated its own regulation requiring credibility decisions to be explained with a certain measure of specificity" but that "this violation was a mere 'articulation error.'" *Olive*, 534 F. Supp. 2d at 758. A mere articulation error, however, was not the reason for the Court's decision to remand this case. The Court remanded the case because the ALJ failed to provide substantive reasons for her decision to ignore the treating psychologist's opinion and because the record does not support the ALJ's credibility determination. *Winning*, 661 F. Supp. 2d at 819. Accordingly, the Court rejects the Commissioner's first objection to the R&R.

### 2. Second Objection: Reliance on Medical Providers

The Commissioner's second objection to the R&R is that the ALJ reasonably relied on Winning's treating psychiatrist, Dr. Chughtai, the state agency psychologists, Drs. Rudy and Lewin, and the consulting psychologist, Dr. Dallara. (Doc. 36 at 3.) The ALJ briefly mentioned Dr. Chughtai in her decision, but failed to give specific reasons for the weight given to his opinion as required by SSR 96-2p. *Winning*, 661 F. Supp. 2d at 820. Similarly, the ALJ noted that Winning is limited to simple one or two-step job tasks and that this was "'consistent with the assessment of

7

Dr. Rudy and Dr. Lewin,'" but failed to give any explanation of the weight given to their opinions. *Id.* (citing Tr. 18.) This lack of explanation is especially significant considering that neither Dr. Rudy nor Dr. Lewin performed an examination of Winning. *Id.* Finally, the ALJ included a summary of Dr. Dallara's examination of Winning in her decision but never explained how his opinion supported or related to her analysis.

In all three instances, the ALJ's reliance on the opinions of these doctors was not substantially justified. Merely mentioning names of doctors without an explanation as to why their opinions deserve the weight allocated to them or how their opinions support the final outcome of the case does not constitute reasonable reliance. Accordingly, the Court rejects the Commissioner's second objection to the R&R.

### 3. Third Objection: RFC Assessment

In his final objection to the R&R, the Commissioner argues that, while Court appeared to be concerned with the ALJ's review of medical evidence and testimony without the assistance of a medical expert, "the ALJ was within [her] discretion to review the evidence and determine RFC without the assistance of a medical expert." (Doc. 36 at 5.) The Court's opinion, however, did not question the ALJ's power to determine RFC without a medical expert. Instead, the Court took issue with the ALJ's credibility determination and the fact that "the ALJ used her own opinions about what symptoms a person with anxiety should exhibit to discount Winning's testimony" and, in doing so, "improperly substituted her own lay opinion of anxiety disorders for the opinion of the treating psychologist." *Winning*, 661 F. Supp. 2d at 824. The Court's concern about the ALJ's review of medical evidence and testimony, therefore, related to the credibility determination rather than the RFC determination. Accordingly, the Court rejects the Commissioner's final objection to the R&R as it does not relate directly to the Court's analysis.

8

Because the Commissioner's position was not substantially justified, Winning is entitled to attorney fees under the EAJA.

**C. The Attorney Fees Award is Directly Payable to Winning.**

On July 20, 2010, the Commissioner filed a Notice of Supplemental Authority (Doc. 38) asking the Court to consider the Supreme Court's recent holding in *Astrue v. Ratliff*, 130 S. Ct. 2521, L. Ed. 2d 91 (U.S. 2010). In *Ratliff*, the Supreme Court held that "[a] § 2412(d)(1)(A) attorney's fees award is payable to the litigant and is therefore subject to an offset to satisfy the litigant's pre-existing debt to the Government." *Id.* at 96.[4] Based on *Ratliff*, the Commissioner argues that, if the Court decides that attorney fees are appropriate, those fees should be awarded to Winning rather than her attorney.

The Sixth Circuit has also recently addressed the issue of whether attorney fees awarded under the EAJA are payable to the party or the party's attorney. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009). In *Bryant*, the court similarly concluded that attorney fees should be made payable to the party and not directly to the party's attorney. *Id.* In forming its opinion, the Sixth Circuit looked to the plain language of the EAJA, which provides in pertinent part: "[A] court shall award *to a prevailing party* other than the United States fees and other expenses . . . *incurred by the party*." *Id* at 447 (emphasis added).

Winning requested attorney fees in the amount of $3,950.00. Based on *Ratliff* and *Bryant*, it is clear that attorney fees are to be made payable directly to plaintiff, and not plaintiff's counsel. Accordingly, this Court orders the award of attorney fees to be paid directly to Winning.

---

[4] At this stage, the Government has not alleged that Winning has pre-existing debt owed or that it intends to seek to offset that debt.

9

VI.     **CONCLUSION**

For the foregoing reasons, the Commissioner's objections to Magistrate Judge Perelman's R&R (Doc. 35) are **OVERRULED**. The Court hereby **ADOPTS** the R&R and **AWARDS** attorney fees to Winning in the amount of $3,950.00.

**IT IS SO ORDERED.**

s/Kathleen M. O'Malley<br>**KATHLEEN McDONALD O'MALLEY**<br>**UNITED STATES DISTRICT JUDGE**

Dated: August 13, 2010